**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------------- :
                                                           :
CONSTANTINE KORELIS,                                       :
                                                           : Civil Action No. 04-2701 (JLL)
                      Plaintiff,                            :
                                                           :
                                                           :
              v.                                           :        **OPINION & ORDER**
                                                           :
STATE OF NEW JERSEY OFFICIALS                              :
IN Court Process Action,                                   :
                                                           :
                      Defendants.                          :
---------------------------------------------------------- :

**LINARES**, **District Judge.**

This matter comes before the Court on Plaintiff Constantine Korelis' ("Plaintiff" or "Korelis") Application for an Extension of Time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). The appeal stems from the January 20, 2005 decision of this Court granting Defendants' motion to dismiss. This application is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons stated herein, Plaintiff's application for an extension of time is GRANTED.

## BACKGROUND

On or about August 20, 2004, Defendants moved before this Court for an Order dismissing Plaintiff's Complaint against Defendants, the "State of New Jersey Judicial Officials in Court

Process Action" (hereinafter "Defendants" or "State of NJ Judicial Officials") alleging violations of his due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983.[1]  By Opinion and Order dated January 20, 2005 and entered January 21, 2005 (hereinafter "January 21 Opinion and Order"), this Court granted Defendants' motion on the basis that the Rooker-Feldman Doctrine prevented this Court from exercising jurisdiction, the Complaint was barred by the Eleventh Amendment, and the judicial officials were entitled to judicial immunity for acts taken during the performance of their official judicial functions.  (CM/ECF Docket Entry #20).  This Opinion and Order was subsequently appealed by Plaintiff.  (CM/ECF Docket Entry #21).  The appeal was apparently filed late.

On March 7, 2005, Korelis sent two letters to Ms. Laura L. Greene, Staff Attorney at the U.S. Court of Appeals for the Third Circuit setting forth reasons why the Third Circuit should not dismiss his appeal for jurisdictional grounds.  These letters reveal that Plaintiff Korelis maintains that:

- as a result of his pro-se status and his residing in New York State, he is unaware of the laws in the State of Pennsylvania;[2]

- it took six to seven days to receive this Court's January 20 decision, because he receives his mail at a Post Office Box;

- there were holidays and weekends between the date he received this Court's January 20 decision and the time for filing an appeal; and

---

[1]Defendants moved for dismissal on six grounds: (1) the suit was barred by the doctrine of eleventh amendment immunity; (2) New Jersey judicial officials are not "persons" amendable to suit under 42 U.S.C. § 1983; (3) New Jersey judicial officials enjoy judicial immunity; (4) judicial officials are entitled to qualified immunity; (5) the Complaint must be dismissed based on the Rooker-Feldman doctrine; and (6) the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

[2]The Court presumes Plaintiff is discussing Pennsylvania law because that is where the Office of the Clerk for the U.S. Court of Appeals for the Third Circuit is located.

•   the Court did not inform him that he had thirty days in which to file an appeal.

(CM/ECF Docket Entry #23).  Therefore, Korelis requests that the Third Circuit proceed with his appeal.  In light of the requirement in Rule 4(a)(5) of the Federal Rules of Appellate Procedure that motions for extensions of time to file an appeal must be filed in the district court, see also Fed. R. App. P. 26(b), on May 31, 2005 the Honorable Joseph F. Weis, Jr., U.S.C.J. ordered that this Court "consider whether a reason exists to extend the time for filing a notice of appeal pursuant to Fed. R. App. P 4(a)(5)."  (CM/ECF Docket Entry #23).  Therefore, although not brought by motion in the District Court, this Court will construe Plaintiff's March 7 letters as applications for an extension of time to file.

This Court, by Letter-Order dated June 6, 2005, requested that the parties file additional submissions supporting their positions.  (CM/ECF Docket Entry #24).  Both did and in his supplemental filing with this Court, Plaintiff adds that  his mail is traced by the post office, which is another reason that the Court's decision was prevented from reaching him in a timely fashion. (CM/ECF Docket Entry #26).   Plaintiff also included extraneous documents that are not relevant and do not demonstrate excusable neglect or good cause.  (CM/ECF Docket Entry #26).

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(5) provides, in relevant part:

> [T]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. Proc. 4(a)(5).  Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal "must be filed with the district clerk within 30 days of entry of the judgment or order

-3-

appealed from is entered." <u>See also</u> <u>Browder v. Dir., Illinois Dept. of Corr.</u>, 434 U.S. 257, 264 (1978) (per curiam).  Furthermore, Federal Appellate Rule 26(a)(2) indicates that, under these circumstances, in computing the filing date, Saturdays, Sundays, and legal holidays are not excluded from the computation.  <u>See</u> <u>Jones & Laughlin Steel Corp. v. Gridiron Steel Co.</u>, 382 U.S. 32 (1965).  Compliance with the rule regarding the time limit for filing an appeal is "'mandatory and jurisdictional.'"  <u>Id.</u> (quoting <u>United States v. Robinson</u>, 361 U.S. 220, 229 (1960)); <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 61 (1982) (per curiam).

In the present case, this Court's final decision was entered on January 21, 2005.  Under Rule 4(a)(1)(A) and Rule 26(a)(2), Plaintiff's time to appeal expired on February 22, 2005.[3]  He did not meet that deadline.  Plaintiff's notice of appeal was filed on February 24, 2005.  The present application, albeit two short letters to the Court of Appeals, for an extension was timely filed within the thirty days prescribed by Fed. R. App. Proc. 4(a)(5)(A)(i).  The Court must therefore make the remaining determination of whether Plaintiff has demonstrated excusable neglect under Fed. R. App. Proc. 4(a)(5)(A)(ii).

The leading Third Circuit case regarding the filing of a late notice of appeal pursuant to Rule 4(a)(5) is <u>Consol. Freightways Corp. v. Larson</u>, 827 F.2d 916 (3d Cir. 1987), <u>cert.</u> <u>denied</u> <u>sub</u> <u>nom.</u> <u>Consol. Freightways Corp. v. Sec'y of Transp. of Pa.</u>, 484 U.S. 1032 (1988).  There, the Third Circuit formulated a two-part test for excusable neglect determinations.  Under <u>Larson</u>, the movant must meet the threshold requirement of demonstrating a "substantial good faith effort to comply" with appellate procedure.  <u>Id.</u> at 921.  If such a showing is made, the Court must proceed to an

---

[3]In actuality, Plaintiff had thirty-two days in which to file his appeal because the thirtieth day fell on a Sunday, and the thirty-first day was a holiday - President's Day.  <u>See</u> Rule 26(a)(3).

evaluation of the facts according to the following five criteria:

> (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure; (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3)whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

Id. at 919.  In addition, the court enunciated that:

> The rules governing timeliness of appeals exist to promote fairness, and to promote prompt notice of appeal thereby avoiding the prejudicial effect of reopening litigation which the opposing party had assumed was closed. The length of the delay and the basis of the delay affect the overall fairness concern. Where . . . the delay was minimal, and where the court has determined that the delay was not the result of any bad faith but rather occurred despite counsel's substantially diligent efforts at compliance, the judicial interest in deciding cases on the merits outweighs the interest in finality.

Id. at 920; see also Ramseur v. Beyer, 921 F.2d 504, 506 (3d Cir. 1990).

In light of this framework, the Court turns to the parties' arguments.  Plaintiff contends that his motion for an extension of time to appeal should be granted by virtue of his claim that his mail is being traced by the post office, which caused the January 20 decision to be delayed by six or seven days before being received by Korelis.  Plaintiff also claims that he was never informed of the thirty-day deadline, causing the filing of an appeal by Plaintiff to occur on February 24, 2005, rather than the February 22, 2005 deadline.

Defendant, however, argues that Plaintiff's application to file a late notice of appeal fails to meet the criteria set forth in Fed. R. App. P. 4(a)(5).  It is undisputed that within seven days of the filing of the January 20 Opinion and Order, Plaintiff did receive the Court's Opinion and Order, allowing him 23 or 24 days before his time to appeal expired.  See Fed. R. App. P. 4(a)(1). Defendant contends that a seven-day delay does not excuse Korelis' tardiness in filing his appeal

when he had the dismissal order in hand for three weeks. In addition, Defendant argues that Plaintiff's alleged ignorance of the law, is insufficient to establish excusable neglect, due to the widely available Federal Rules of Appellate Procedure. Therefore, Defendant contends that Plaintiff cannot be said to have made a good faith effort towards compliance with the 30-day deadline.

Starting with the last of the five Larson criteria, the Court finds that Plaintiff has demonstrated a "substantial good faith effort to comply" with appellate procedure. His Notice of Appeal was dated two days before the filing deadline indicating, in as much as the Court cannot determine whether the notice was hand delivered or mailed to the Clerk's Office, that he had drafted the notice with the intent to timely file the notice of appeal. Further, Plaintiff's notice was filed only 2 days late and there is no evidence that Defendants were prejudiced by this delay. See, e.g., Ryder v. Costello, 2000 U.S. Dist. LEXIS 7358 (E. D. Pa. May 31, 2000) (permitting extension because filing of notice of appeal seven days late did not raise overall fairness concerns). This also comports with the Third Circuit's finding that:

> [t]he interest in finality must be balanced against the need to allow justice to take its course, and not have it thwarted by some minute technical error. See Smith v. Jackson Tool & Die, Inc., 426 F.2d 5, 8 (5th Cir. 1970). The finality doctrine and the rules governing timeliness of appeals exist to promote fairness, and to promote prompt notice of appeal thereby avoiding the prejudicial effect of reopening litigation which the opposing party had assumed was closed. The length of the delay and the basis of the delay affect the overall fairness concern. Where as here the delay was minimal, and where the court has determined that the delay was not the result of any bad faith but rather occurred despite counsel's substantially diligent efforts at compliance, the judicial interest in deciding cases on the merits outweighs the interest in finality.

Larson, 827 F.2d at 920.

Since a  "substantial good faith effort to comply" with appellate procedure has been demonstrated, the Court now turns to the remaining criteria enunciated in Larson.  Plaintiff's

inadvertent failure to timely file his notice of appeal does not reflect ignorance of the rules of procedure because the facts show he must have been aware of the rules but that he just did not get the notice timely filed.  The asserted inadvertence does reflect an easily manufactured excuse, that his mail is being tampered with, that is incapable of verification by the court.  Plaintiff's tardiness does result from his failure to provide for a readily foreseeable consequence, that he knows his mail is being tampered with and that there are upcoming holidays that may slow down the mail.  Lastly, the inadvertence reflects a lack of diligence, however it is <u>de minimus</u>.

Thus, weighing these factors, the fact that Plaintiff is appearing pro se, and taking into consideration that these rules "exist to promote fairness" and "the judicial interest in deciding cases on the merits outweighs the interest in finality," <u>Larson</u>, 827 F.2d at 920, the Court concludes that Plaintiff's application for an extension of time is granted.

<u>**CONCLUSION**</u>

For the foregoing reasons set forth above, it is on this 17th day of October, 2005,

**ORDERED** that the Plaintiff's application for extension of time to file Notice of Appeal pursuant to Fed. R. App. Proc. 4(a)(5) is hereby GRANTED; and it is further

**ORDERED** that the notice of appeal, filed on February 24, 2005, is approved <u>nunc pro tunc</u>.


                                                        /s/ Jose L. Linares_____
DATED: October 17, 2005                     JOSE L. LINARES,
                                                        UNITED STATES DISTRICT JUDGE


cc:      File
         Marcia M. Waldron, Clerk of U.S. Court of Appeals